**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARTIN T. VERSHAW,   Plaintiff, | CIVIL ACTION   1:16-cv-08188 |
| v. | COMPLAINT |
| NATIONSTAR MORTGAGE LLC,   Defendant. | JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW COMES the Plaintiff, MARTIN T. VERSHAW by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NATIONSTAR MORTGAGE LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

5. MARTIN T. VERSHAW (hereinafter "Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 1747 West Crystal Lane, Unit 610, Mount Prospect, Illinois 60056.

6. NATIONSTAR MORTGAGE LLC (hereinafter "Defendant") is a limited liability company formed under the laws of the State of Delaware. Defendant has a principal place of business located at 8950 Cypress Waters Boulevard, Coppell, Texas 75019.

## FACTUAL ALLEGATIONS

7. On July 31, 2006, Plaintiff executed a mortgage in favor of BNC Mortgage, Inc., a Delaware Corporation to secure a promissory note in the amount of $254,600.00. The note was payable in monthly installments of $1,732.17 with a maturity date of August 1, 2036.

8. On September 1, 2014, Plaintiff defaulted on the mortgage. Subsequently, Defendant acquired the servicing rights to the mortgage.

9. On October 31, 2014, a bankruptcy case concerning Plaintiff was filed under Chapter 13 of the United States Bankruptcy Code.[1] *See* Exhibit A, a true and correct copy of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines and Certificate of Notice. The schedules filed by Plaintiff listed Defendant on Schedule D – Creditors Holding Secured Claims. *See* Exhibit B, a true and correct copy of Schedule D – Creditors Holding Secured Claims.

10. On May 18, 2016, Defendant sent Plaintiff an Informational Statement, with a payment coupon attached, which provided that the "Total Amount Due" was $51,203.41, with a

---

[1] Case No. 14-39687 (*In re Martin T. Vershaw*)

"Payment Due Date" of June 1, 2016. *See* Exhibit C, a true and correct copy of May 18, 2016 Informational Statement.

11. On May 19, 2016, Defendant sent Plaintiff a dunning letter, which provided that:

"Your mortgage payment is currently past due for 09/01/2014. We have completed the first filing notice required to start the foreclosure process on your account. Here is a recent payment history, and the reason for our concern.

*Recent Account History:*
- Payment due   12/01/2015:   Unpaid balance of $2,307.51
- Payment due   01/01/2016:   Unpaid balance of $2,307.51
- Payment due   02/01/2016:   Unpaid balance of $2,307.51
- Payment due   03/01/2016:   Unpaid balance of $2,307.51
- Payment due   04/01/2016:   Unpaid balance of $2,307.51
- Payment due   05/01/2016:   Unpaid balance of $2,307.51
Current payment due 06/01/2016: $2,395.64
**Total: $51,203.41 due. You must pay this amount to bring your loan current.** Please call Nationstar to request the full amount owed on your account as the amount due may be different than stated here due to interest and other charges or creditors. *See* Exhibit D, a true and correct copy of May 19, 2016 dunning letter.

12. As a result of Defendant's systematic campaign of unlawful collection activity, Plaintiff has suffered emotional distress (i.e., confusion, frustration and humiliation) and mental distress.

### COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2) - FALSE OR MISLEADING REPRESENTATIONS

13. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6).

17. Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

18. Section 362(a)(6) of the United States Bankruptcy Code provides:

    (a)  [A] petition filed *** operates as a stay, of –

        (6)  any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title.

20. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiff's mortgage loan. The mortgage loan was not collectable at the time Defendant demanded payment by virtue of the automatic stay.

    WHEREFORE, Plaintiff requests the following relief:

    a.  actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    b.  any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10) - FALSE OR MISLEADING REPRESENTATIONS

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect Plaintiff's mortgage loan. The mortgage loan was not collectable at the time Defendant demanded payment by virtue of the automatic stay.

    WHEREFORE, Plaintiff requests the following relief:

    a.  actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    b.  any other relief deemed appropriate and equitable.

### COUNT III – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f - UNFAIR PRACTICES

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect and/or attempt to collect Plaintiff's mortgage loans. The mortgage loan was not collectable at the time Defendant demanded payment by virtue of the automatic stay.

    WHEREFORE, Plaintiff requests the following relief:

    a.  actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    b.  any other relief deemed appropriate and equitable.

### COUNT IV – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1) - UNFAIR PRACTICES

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the mortgage loan. The collection of Plaintiff's mortgage loan was not permitted by law at the time Defendant demanded payment by virtue of the automatic stay.

    WHEREFORE, Plaintiff requests the following relief:

    a.  actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    b.  any other relief deemed appropriate and equitable.

Case: 1:16-cv-08188 Document #: 1 Filed: 08/18/16 Page 6 of 7 PageID #:6

## COUNT V – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - 815 ILCS 505/1 *ET SEQ.*

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

29. Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

30. Defendant is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

31. The Illinois Consumer Fraud and Deceptive Business Practices Act is a regulatory and remedial statute intended to protect borrowers, businesses and consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices.

32. An Illinois Consumer Fraud and Deceptive Business Practices Act claim requires (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception.

33. Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act by unfairly and deceptively inducing Plaintiff to make payments notwithstanding the automatic stay.

34. Upon information and belief, Defendant has engaged in a systematic campaign of unlawful collection activity – involving inducing consumers to make payments notwithstanding the automatic stay.

35. Any person who suffers actual damage as a result of a violation of this Act may bring an action against such person. The court, in its discretion, may award actual economic damages or other relief which the court deems proper.

36. An award of actual damages is appropriate as Defendant's deceptive and unfair acts are the proximate causation of Plaintiff's emotional distress (i.e., confusion, frustration and humiliation) and mental distress.

37. An award of punitive damages is appropriate as Defendant's deceptive and unfair acts were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiff, and consumers generally.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and punitive damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

d. any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

August 18, 2016
Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
t: 630-575-8181
f: 630-575-8188
e: jdavidson@sulaimanlaw.com

*Counsel for Martin T. Vershaw*